UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN HERRERA,

                     Plaintiff,               **ACTION UNDER 29 U.S.C.§ 216(b)**

     -v.-

                                         **COMPLAINT**

T AND V PIZZA CORP
(DBA ANGELA'S PIZZERIA)
and VINCENT (VINNY) DIMAIO , individually,

                   Defendants
------------------------------------------------------------X

       Plaintiff JUAN HERRERA, by and through his attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) and VINCENT (VINNY) DIMAIO , Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, inter alia, unpaid overtime wage compensation for Plaintiff, a former employee of Defendant T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA), a New York Corporation with offices at PO BOX 501 Islip, NY 11751 and 192 Islip Ave, Islip, NY 11751, and its principal, Defendant VINCENT (VINNY) DIMAIO . The plaintiff was hired directly by Defendant VINCENT (VINNY) DIMAIO , who set his work schedule and consistently gave him daily orders and instructions regarding his duties. Defendant VINCENT (VINNY) DIMAIO  also exercised

disciplinary authority over Plaintiff, including, but not limited to, issuing warnings, reprimands, and implementing other disciplinary measures as he deemed necessary. The Plaintiff alleges that the Defendants willfully failed to pay the required wages. The plaintiff was employed primarily as a cook, cook assistant, and driver under the direct supervision and control of Defendant VINCENT (VINNY) DIMAIO .

2. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

3. However, despite such mandatory pay obligations, Defendants willfully only compensated Plaintiff at a rate of $18.18, $19.09, and $20.00 per hour respectively, and failed to pay Plaintiff his lawful overtime pay for that period from November 2023 until March 2025. During this period, Plaintiff worked well in excess of forty (40) hours per workweek, as determined by the work schedule set by Defendant VINCENT (VINNY) DIMAIO . Defendant VINCENT (VINNY) DIMAIO  regularly exercised his authority to require Plaintiff to work additional hours beyond his scheduled work hours without providing the requisite overtime compensation. This included instances from November 2023 until March 2025, where the Plaintiff was required to work approximately fifty-five (55) hours without receiving appropriate overtime pay.

4. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the overtime compensation required by federal and state law and regulations.

5. Plaintiff brings this action under the Wage Theft Prevention Act for Defendants' willful failure to provide written notice of wage rates in violation of said laws. This deliberate lack of transparency and communication from Defendant DIMAIO caused

significant injury in fact to the Plaintiff in the form of financial loss, emotional distress, and confusion as it obstructed his ability to calculate his owed wages accurately. This failure directly resulted from Defendant VINCENT (VINNY) DIMAIO 's negligent actions as the Plaintiff's employer, who was responsible for communicating wage rates and maintaining accurate record keeping. Furthermore, at all relevant times, Defendants knowingly failed to maintain accurate record keeping as mandated by the FLSA and the NYLL, thereby exacerbating the injury in fact suffered by the Plaintiff, obstructing his ability to determine owed wages accurately, and facilitating continued violation of wage laws.

6. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

7. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

8. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## **JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

10. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

12. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

13. Plaintiff JUAN HERRERA is and was at all times relevant hereto an individual residing in New York.

14. Plaintiff JUAN HERRERA was employed by T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA), a New York Corporation, at its offices at PO BOX 501 Islip, NY 11751 and 192 Islip Ave, Islip, NY 11751. His period of employment spanned from approximately November 2023 until March 2025. The plaintiff was employed primarily as a cook, cook assistant, and driver. Defendant VINCENT (VINNY) DIMAIO determined and controlled his work schedule, including working hours and days. Moreover, DIMAIO had the authority to discipline HERRERA and did so on several occasions during the course of his employment.

15. At all times relevant hereto, Plaintiff HERRERA was a covered employee within the meaning of the FLSA and the NYLL.

16. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

17. Defendant T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) is, upon information and belief, a duly organized New York Corporation with its offices at PO BOX 501 Islip, NY 11751, and 192 Islip Ave, Islip, NY 11751.

18. Upon information and belief, Defendant T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2025, and were directly engaged in interstate commerce.

19. Upon information and belief, Defendant VINCENT (VINNY) DIMAIO  is the President, Chief Executive Officer, manager, principal, or agent of Defendant T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA).

20. Upon information and belief, and at all times relevant to the claims herein, Defendant VINCENT (VINNY) DIMAIO  willfully and knowingly possessed operational control over Defendant T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) by reason of his ownership interest, and control of significant functions of Defendant Corporation. Defendant VINCENT (VINNY) DIMAIO : (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA); (ii) personally hired Plaintiff, setting his wages and compensation; (iii) regularly established Plaintiff's 'work schedules and workload, giving him daily orders and instructions; (v) maintained and personally reviewed employee records; (vi) paid Plaintiff weekly wages; (vii) d the authority to and did in fact discipline Plaintiff during the course of his employment; and (viii) ultimately terminated Plaintiff's employment.

21. Defendant VINCENT (VINNY) DIMAIO  acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

### COMMON FACTUAL ALLEGATIONS
Defendants Constitute Joint Employers

22. Defendants owned and operated T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA), a corporate entity principally engaged in Long Island, New York. At all relevant times, Defendants T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) and VINCENT (VINNY) DIMAIO  possessed operational control over the Defendant Corporation, possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of the Defendant Corporation.

23. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff JUAN HERRERA and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

    a. failing to pay employees, including Plaintiff JUAN HERRERA, the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week, thus causing financial harm and distress;

    b. failing to keep accurate records of hours worked by employees, including Plaintiff JUAN HERRERA, as required by the FLSA and NYLL, thus causing financial harm and distress due to inaccuracies in wage calculation.

    c. failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (Specific dates will be provided during the discovery phase of the litigation process.) as required by the FLSA and the NYLL, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws; and

24. Defendants have knowingly and willfully engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant financial damage, emotional distress, and other consequential damages to Plaintiff JUAN HERRERA and the other class members.

25. Defendant T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA), under the direct supervision and authority of Defendant VINCENT (VINNY) DIMAIO , acted in the interest of the Defendants with respect to its employees, the rate of and method of employee compensation was paid, and shared joint control over their employees.

26. At all times during the Plaintiff's employment, Defendants T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) and VINCENT (VINNY) DIMAIO  maintained significant control over the working conditions of Plaintiff and other similarly situated employees. This control was exercised through direct and daily involvement in setting work schedules, assigning tasks, implementing disciplinary actions, and determining the methods and rates of compensation. For instance, Defendant DIMAIO personally set the Plaintiff's work hours, issued daily instructions, and decided on Plaintiff's compensation structure.

27. Defendants T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) and VINCENT (VINNY) DIMAIO  jointly employed Plaintiff and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

28. Defendants T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) and VINCENT (VINNY) DIMAIO  constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

29. At all times relevant hereto, Defendants T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) and VINCENT (VINNY) DIMAIO were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ the Plaintiff. Similarly, the Defendants were responsible for the termination of the Plaintiff's employment, making the decision to end the employment relationship. Such Defendants had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiff for the position, and the termination process where the Defendants decided to end the Plaintiff's employment. The Defendants also controlled the terms and conditions of the Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by the Defendants and the specific tasks assigned to the Plaintiff. Furthermore, the Defendants determined the rate and method of any compensation in exchange for the Plaintiff's services, as demonstrated by the Defendants' decisions on the Plaintiff's salary and method of payment. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

30. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff JUAN HERRERA**

31. Plaintiff worked from approximately November 2023 until March 2025. Defendants employed plaintiff HERRERA at their 192 Islip Ave, Islip, NY 11751 facility. The plaintiff was employed primarily as a cook, cook assistant, and driver and did any additional tasks assigned by Defendant DIMAIO.

32. The plaintiff worked from November 2023 until March 2025, with two

interruptions. The first occurred around February 2024, when the plaintiff left but returned two days later. The second instance was in July 2024, when the plaintiff left but returned after two months. Initially, the plaintiff earned $200 per day, which later increased to $210 per day and subsequently to $220 per day. He worked 55 hours per week, from 10:00 A.M. to 9:00 P.M., Monday through Friday, without a designated lunch break, eating while continuing to work. Wages were paid half by check and half in cash. The Plaintiff was not provided with any means to record his hours worked, including a punch clock system.

33. From November 13, 2023, until December 31, 2023, Plaintiff was paid $18.18 per hour, the underpayment per week was $136.36, and the total underpayment of that period of time was $954.55. From January 1, 2024, until January 31, 2024, Plaintiff was paid $18.18 per hour, the underpayment per week was $136.36, and the total underpayment of that period of time was $545.45. From February 1, 2024, until July 31, 2024, Plaintiff was paid $19.09 per hour, the underpayment per week was $143.18, and the total underpayment of that period of time was $3,722. From October 1, 2024, until December 31, 2024, Plaintiff was paid $20 per hour, the underpayment per week was $150, and the total underpayment of that period of time was $1,950. From January 1, 2025, until March 12, 2025, Plaintiff was paid $20 per hour, the underpayment per week was $150, and the total underpayment of that period of time was $1,500.

34. Plaintiff HERRERA did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff HERRERA did not come and go at his pleasure but rather was controlled by Defendants.

35. Plaintiff HERRERA was a covered employee within the meaning of the FLSA

and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff HERRERA's work is properly characterized as menial physical labor.

36. Plaintiff HERRERA regularly handled goods in interstate commerce and other items produced outside of the State of New York.

37. Plaintiff worked without appropriate overtime wages from the beginning and until the end of his employment with Defendants, a violation which we contend was done willfully by the Defendants.

38. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff HERRERA regarding wages as required under the FLSA and NYLL.

39. Defendants did not provide Plaintiff HERRERA with each payment of wages an accurate statement of wages, as required by NYLL 195(3). This failure caused concrete and particularized injuries-in-fact to the Plaintiff, constituting direct violations of NYLL 195(3), including: (a) the inability to accurately calculate and verify his earned wages, resulting in underpayment of approximately $8,672; (b) time and effort spent attempting to reconstruct work hours and wages without proper documentation; (c) emotional distress and anxiety from paycheck uncertainty; (d) out-of-pocket expenses incurred seeking legal assistance to understand his rights; and (e) lost opportunity costs from being unable to make informed financial decisions due to wage uncertainty.

40. Defendants never provided Plaintiff HERRERA with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1). This willful failure to provide notice caused Plaintiff concrete and particularized injuries in fact, including: (a) working approximately 780 hours of overtime without proper statutory notice of overtime rates, resulting in underpayment of approximately $8,672;

(b) inability to verify proper payment of wages due to lack of written notice of basic pay rates and payment schedules; (c) actual monetary losses from underpaid wages that could not be properly calculated or challenged without wage notices; (d) time and resources spent consulting with attorneys to understand basic wage rights that should have been provided in statutory notices; and (e) informational injury from being denied statutorily-required wage information needed to protect his workplace rights.

**Defendants' General Employment Practices**

41. As part of their regular business practices, Defendants willfully required Plaintiff JUAN HERRERA to work beyond his scheduled hours without paying him the proper overtime wages as required by federal and state laws. For instance, Defendants required Plaintiff to work additional hours from November 2023 until March 2025, without providing the requisite overtime compensation.

42. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

43. Defendants willfully failed to post the statutorily required wage and hour posters and did not provide Plaintiff JUAN HERRERA with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

44. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, and (iii) overtime wages.

45. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates. This willful failure to provide this written

notice has caused the Plaintiff, JUAN HERRERA, an injury in fact, as he was unable to accurately determine his owed wages, leading to financial harm and distress.

46. Throughout the relevant time period, Defendants paid Plaintiff JUAN HERRERA wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3). This willful failure to provide the required wage statement and annual pay notices constitutes an injury in fact under the Wage Theft Prevention Act, has caused Plaintiff JUAN HERRERA substantial financial harm, emotional distress, and other consequential damages, and is a violation of Plaintiff's rights.

47. Defendants failed to provide Plaintiff JUAN HERRERA with accurate accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address, and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3). This willful failure to provide accurate wage statements has caused Plaintiff injury in fact, leading to financial harm, emotional distress, and other injuries in fact as he was unable to fully understand and assert his rights regarding his wages.

### FIRST CAUSE OF ACTION
**(Violation of FLSA Overtime Wage Provisions (29 U.S.C. § 206, 207) and Recordkeeping Provisions (29 U.S.C. § 211))**

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment. For instance, Defendants were directly involved in the hiring process of the Plaintiff, with Defendant VINCENT (VINNY) DIMAIO  personally conducting the interview and offering the job to the Plaintiff. Defendants also exercised control over Plaintiff's work schedule, with Defendant DIMAIO regularly setting his weekly work hours, and even adjusting them on several occasions without prior notice. Defendants assigned daily tasks to Plaintiff, with specific instructions on how to perform them, and provided direct supervision, with Defendant DIMAIO frequently monitoring Plaintiff's work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

50. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

51. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

52. Defendants' failure to pay Plaintiff the applicable overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

53. Defendants willfully failed to satisfy the FLSA's recordkeeping requirements.

54. Defendants acted willfully in their violations of the FLSA's requirements, causing an injury in fact to the plaintiff.

55. Plaintiff (and the FLSA class members) seeks damages in an amount to be

determined at trial for unpaid overtime wages resulting from Defendants' willful violations of the FLSA, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages Under New York Labor Law)

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. Defendants, in willful violation of the NYLL § 190 *et seq.* and associated rules and regulations, knowingly and intentionally failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

58. Defendants' failure to pay Plaintiff overtime wages was willful within the meaning of N.Y.Lab.Law § 663.

59. Due to Defendants' willful violations of the NYLL, Plaintiff JUAN HERRERA is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law.

Defendants' willful failure to provide the required notice has caused Plaintiff to suffer concrete and particularized injuries, including: (1) miscalculation and underpayment of wages due to confusion about proper rates; (2) inability to verify proper overtime calculations; (3) lost employment opportunities due to inability to document prior wage rates; (4) out-of-pocket expenses incurred attempting to reconstruct proper wage calculations; (5) time spent attempting to determine proper wages owed; and (6) severe emotional distress and anxiety due to financial uncertainty. Furthermore, due to Defendants' failure to provide complete, accurate, and legally required notifications regarding the rate of pay and other essential employment terms, Plaintiff has experienced additional hardship and injury, including but not limited to financial instability, emotional distress, and time spent correcting and seeking redress for these violations. It has resulted in financial harm and distress due to the inability to accurately determine owed wages and other compensation-related matters, in violation of NYLL § 195(1).

62. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. Defendants, specifically Defendant VINCENT (VINNY) DIMAIO  who directly hired Plaintiff and unilaterally determined the terms of his employment, set his work schedule, issued explicit day-to-day orders, and imposed disciplinary measures on multiple documented occasions, have willfully failed to provide Plaintiff with complete and

accurate wage statements throughout his employment. This failure is evident from the discrepancies in the wage statements and the actual hours worked as recorded in the work logs maintained by the Plaintiff. These statements should have included, among other things, all his regular and any overtime hours of work, his rate of pay, and the basis of pay, requirements which Defendants knew or should have known were mandatory under the law yet deliberately chose to ignore. This failure to provide accurate wage statements has caused Plaintiff concrete and particularized injury in fact, including: (1) inability to verify proper payment of wages on a weekly basis; (2) costs incurred hiring professionals to reconstruct proper wage calculations; (3) lost interest on unpaid wages due to inability to timely identify underpayments; (4) time spent comparing work records to incomplete wage statements; (5) missed deadlines for filing wage complaints due to incomplete information; and (6) severe emotional distress and anxiety from paycheck uncertainty, in violation of NYLL § 195(3).

65. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff EDWIN CHELA respectfully requests that this Court enter judgment against Defendants T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) and VINCENT (VINNY) DIMAIO , as follows:

a.    Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly

situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b.    Declaring that Defendants' violation of the FLSA was willful as to Plaintiff, as demonstrated by their knowing, deliberate, and intentional failure to pay proper overtime wages despite having actual and constructive knowledge of their legal obligations under federal and state wage laws;

c.    Declaring that Defendants have willfully violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d.    Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e.    Awarding Plaintiff damages for the amount of unpaid overtime wages,  and   damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f.    Declaring that Defendants have willfully violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

g.    Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken

against wages;

h.     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

i.     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

j.     Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

k.     All such other and further relief as the Court deems just and proper.

l.     An award of statutory damages for Defendants' willful failure to provide Plaintiff with wage notices at the time of his respective hiring, or at any point thereafter. This failure caused substantial injury in fact to the Plaintiff as he was unable to accurately determine his owed wages, leading to significant financial losses, emotional distress, and other associated damages, in violation of NYLL § 198 (1-b);

m.     An award of statutory damages for Defendants' willful failure to provide Plaintiff with complete and accurate wage statements. This failure caused significant injury in fact to the Plaintiff, as it led to his inability to fully understand and assert his rights regarding his wages and resulted in financial losses and distress, in violation of NYLL § 198 (1-d);

n.     An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

o.     An award of post-judgment interest pursuant to 28 U.S.C. §

1961 and/or the New York Civil Practice Law and Rules § 5003;

p.     An award for any injury in fact suffered by the Plaintiff due to

Defendants' willful violation of the Wage Theft Prevention Act (WTPA),

including but not limited to financial losses, distress, and any other

tangible or intangible harm suffered by the Plaintiff as a direct result of

Defendants' actions; and such other relief as this Court shall deem just

and proper.

Dated: New York, New York
       March 14, 2025

LINA STILLMAN, ESQ.

_____

Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com