UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUAN HERRERA,                                    Docket No. 25-cv-01580

                              Plaintiff,

            -against-                            **ANSWER**

T AND V PIZZA CORP (DBA ANGELA'S
PIZZERIA) and VINCENT (VINNY) DIMAIO,
Individually,

                              Defendants.
-------------------------------------------------------------------X

Defendants T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA) and

VINCENT (VINNY) DIMAIO, by and through their attorneys, Feather Law Firm, P.C.,

hereby interpose the following Answer to Plaintiff's Complaint:

1.      Paragraph "1" of the Complaint states that this Complaint seeks to

recover, inter alia, unpaid overtime wage compensation for Plaintiff, a former employee

of Defendant T AND V PIZZA CORP (DBA ANGELA'S PIZZERIA), a New York

Corporation with offices at PO Box 501, Islip, NY 11751 and 192 Islip Ave., Islip NY

11751, and its principal, Defendant VINCENT (VINNY) DIMAIO.  The Plaintiff was

hired directly by Defendant VINCENT (VINNY) DIMAIO, who set his work schedule

and consistently gave him daily orders and instructions regarding his duties.  Defendant

VINCENT (VINNY) DIMAIO also exercised disciplinary authority over Plaintiff,

including, but not limited to, issuing warnings, reprimands, and implementing other

disciplinary measures as he deemed necessary.  The Plaintiff alleges that the Defendants

willfully failed to pay the required wages.  The plaintiff was employed primarily as a

cook, cook assistant, and driver under the direct supervision and control of Defendant

VINCENT (VINNY) DIMAIO.  As such, the Defendants are not obligated to answer; to

1

the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

2.      Defendants assert that Paragraph "2" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

3.      Deny the allegations contained in Paragraph "3" of the Complaint.

4.      Deny the allegations contained in Paragraph "4" of the Complaint.

5.      Deny the allegations contained in Paragraph "5" of the Complaint.

6.      Paragraph "6" of the Complaint states that Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.  As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

7.      Paragraph "7" of the Complaint states that Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.  As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

2

8.    Paragraph "8" of the Complaint states that Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C. § 216(b).  As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

9.    Defendants assert that Paragraph "9" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

10.    Defendants assert that Paragraph "10" of the Complaint contains conclusions of law and not factual allegations to which an answer is required, except admit that the venue is proper.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

11.    Defendants assert that Paragraph "11" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

12.    Defendants assert that Paragraph "12" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

13.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "13" of the Complaint.

14.     Admit the allegations contained in Paragraph "14" of the Complaint.

15.     Defendants assert that Paragraph "15" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

16.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "16" of the Complaint.

17.     Deny the allegations contained in Paragraph "17" of the Complaint.

18.     Deny the allegations contained in Paragraph "18" of the Complaint.

19.     Admit the allegations contained in Paragraph "19" of the Complaint.

20.     Deny the allegations contained in Paragraph "20" of the Complaint.

21.     Deny the allegations contained in Paragraph "21" of the Complaint.

22.     Deny the allegations contained in Paragraph "22" of the Complaint.

23.     Deny the allegations contained in Paragraph "23" of the Complaint.

24.     Deny the allegations contained in Paragraph "24" of the Complaint.

25.     Admit the allegations contained in Paragraph "25" of the Complaint.

26.     Admit the allegations contained in Paragraph "26" of the Complaint.

27.     Defendants assert that Paragraph "27" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

28.     Defendants assert that Paragraph "28" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. To the

4

extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

29.    Defendants assert that Paragraph "29" of the Complaint contains conclusions of law and not factual allegations to which an answer is required, but deny that the Defendants were responsible for the termination of the Plaintiff's employment, making the decision to end the employment relationship.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

30.    Admit the allegations contained in Paragraph "30" of the Complaint, but state that whether the recordkeeping was deficient is a legal conclusion, to which no response is necessary in this Answer.

31.    Admit the allegations contained in Paragraph "31" of the Complaint.

32.    Deny the allegations contained in Paragraph "32" of the Complaint.

33.    Deny the allegations contained in Paragraph "33" of the Complaint.

34.    Admit the allegations contained in Paragraph "34" of the Complaint.

35.    Defendants assert that Paragraph "35" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

36.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "36" of the Complaint.

37.    Deny the allegations contained in Paragraph "37" of the Complaint.

38.    Deny the allegations contained in Paragraph "38" of the Complaint.

39.     Admit the allegations contained in Paragraph "39" of the Complaint, except deny the allegation that the failure to provide Plaintiff with each payment of wages an accurate statement of wages caused concrete and particularized injuries-in-fact to the Plaintiff, constituting direct violations of NYLL 195(3), including: (a) the inability to accurately calculate and verify his earned wages, resulting in underpayment of approximately $8,672; (b) time and effort spent attempting to reconstruct work hours and wages without proper documentation; (c) emotional distress and anxiety from paycheck uncertainty; (d) out-of-pocket expenses incurred seeking legal assistance to understand his rights; and (e) lost opportunity costs from being unable to make informed financial decisions due to wage uncertainly.

40.     Admit the allegations contained in Paragraph "40" of the Complaint, except deny that the failure to provide Plaintiff with written notice of his rate of pay, employer's regular payday, and such other such information was willful, or that it caused Plaintiff concrete and particularized injuries in fact, including: (a) working approximately 780 hours of overtime without proper statutory notice of overtime rates, resulting in underpayment of approximately $8,672; (b) inability to verify proper payment of wages due to lack of written notice of basic pay rates and payment schedules; (c) actual monetary losses from underpaid wages that could not be properly calculated or challenged without wage notices; (d) time and resources spent consulting with attorneys to understand basic wage rights that should have been provided in statutory notices; and (e) informational injury from being denied statutorily-required wage information needed to protect his workplace rights.

41.     Deny the allegations contained in Paragraph "41" of the Complaint.

6

42.    Deny the allegations contained in Paragraph "42" of the Complaint.

43.    Deny the allegations contained in Paragraph "43" of the Complaint.

44.    Deny the allegations contained in Paragraph "44" of the Complaint.

45.    Defendants assert that the allegation in Paragraph "45" of the Complaint, that the NYLL and Wage Theft Prevention Act requires employers to provide all employees with written notice of wage rates, is a conclusion of law and not a factual allegation to which an answer is required. Defendants further deny that any failure to provide this written notice was willful, and further deny that it caused the Plaintiff an injury in fact.

46.    As to the allegations contained in Paragraph "46" of the Complaint, Defendants admit that throughout the relevant time period, Defendants paid Plaintiff JUAN HERRERA wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL 195(1) and 195(3). Defendants deny, however, that this was a willful failure, or that it constitutes an injury in fact under the Wage Theft Prevention Act, and further deny that it has caused Plaintiff JUAN HERRERA substantial financial harm, emotional distress, and other consequential damages, and that it is a violation of Plaintiff's rights.

47.    Admit the allegations contained in Paragraph "47" of the Complaint, but deny a willful failure to provide accurate wage statements, and further deny that Plaintiff was caused injury in fact, leading to financial harm, emotional distress, and other injuries in fact as he was unable to fully understand and assert his rights regarding his wages.

**FIRST CAUSE OF ACTION**
**(Violation of FLSA Overtime Wage Provisions (29 U.S.C. § 206, 207) and Recordkeeping Provisions (29 U.S.C. § 211))**

7

48.     The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "47" of the Complaint with the same force and effect as if contained at length herein.

49.     Defendants assert that Paragraph "49" of the Complaint contains conclusions of law and not factual allegations to which an answer is required. Notwithstanding that assertions, Defendants admit that Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, determine the rate and methods of any compensation in exchange for his employment, were directly involved in the hiring process of the Plaintiff, that Defendant VINCENT (VINNY) DIMAIO personally conducted the interview and offered the job to the Plaintiff, exercised control over Plaintiff's work schedule, that Defendant DIMAIO regularly set Plaintiff's weekly work hours, adjusted them on several occasions without prior notice, assigned daily tasks to Plaintiff with specific instructions on how to perform them, and provided direct supervision, with Defendant DIMAIO frequently monitoring Plaintiff's work and providing feedback.

50.     Defendants assert that Paragraph "50" of the Complaint contains conclusions of law and not factual allegations to which an answer is required.  To the extent that this paragraph may be read as setting forth any allegations of fact, the Defendants deny those allegations.

51.     Deny the allegations contained in Paragraph "51" of the Complaint.

52.     Deny the allegations contained in Paragraph "52" of the Complaint.

53.     Deny the allegations contained in Paragraph "53" of the Complaint.

54.     Deny the allegations contained in Paragraph "54" of the Complaint.

8

55.    Paragraph "55" of the Complaint states that Plaintiff (and the FLSA class members) seeks damages in an amount determined at trial for unpaid overtime wages resulting from Defendants' willful violations of the FLSA, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.  As such, the Defendants are not obligated to answer; to the extent that this paragraph may be read as setting forth any allegation(s) of fact, the Defendants deny those allegation(s).

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages Under New York Labor Law)

56.    The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "55" of the Complaint with the same force and effect as if contained at length herein.

57.    Deny the allegations contained in Paragraph "57" of the Complaint.

58.    Deny the allegations contained in Paragraph "58" of the Complaint.

59.    Deny the allegations contained in Paragraph "59" of the Complaint.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

60.    The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "59" of the Complaint with the same force and effect as if contained at length herein.

61.    Admit the allegations contained in Paragraph "61" of the Complaint, except deny that the failure to provide Plaintiff with a notice at the time of hiring was willful, and further deny that the failure to do so caused Plaintiff to suffer concrete and particularized injuries.

9

62.    Deny the allegations contained in Paragraph "62" of the Complaint.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements

63.    The Defendants repeat, reiterate and reallege each and every answer to the allegations contained in Paragraphs "1" through "62" of the Complaint with the same force and effect as if contained at length herein.

64.    Deny the allegations contained in Paragraph "64" of the Complaint.

65.    Deny the allegations contained in Paragraph "65" of the Complaint.

## PRAYER FOR RELIEF

The Defendants deny that the Plaintiff is entitled to any of the relief sought.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury in this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that it fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Court has no jurisdiction or should not exercise jurisdiction over Plaintiff's state law claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff was paid all monies to which he was legally entitled.

10

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to establish a basis for liquidated damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

In the alternative, Plaintiff was not entitled to liquidated damages because Defendants acted in good faith and had reason to believe their actions and/or omissions did not willfully violate federal and/or state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, waiver, estoppel, unclean hands, avoidable consequences, after-acquired evidence and/or other principles of equity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's losses are barred, in whole or in part, because the losses, if any, purportedly suffered by Plaintiffs were caused, if at all, by factors unrelated to any conduct or lack thereof on the part of these Answering Defendants.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Defendants did not have annual gross dollar volume of sales or business done of at least $500,000 during the relevant time period herein, and thus are not "enterprises" as that term is defined under the Fair Labor Standards Act (FLSA).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

If Plaintiff succeeds in establishing any violation under the Fair Labor Standards Act and/or the New York State Labor Law and/or any other state law, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, but not limited to those amounts paid,

11

tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the FLSA, the New York State Labor Law and/or any other state law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages for which he is entitled to relief.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA, the New York State Labor Law and/or any other state law.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was paid all monies to which he was legally entitled.

Defendants reserve the right to supplement these defenses based upon information obtained during discovery.

WHEREFORE, Defendants request that the Court:

a)      Dismiss, with prejudice, Plaintiff's Complaint in its entirety;

b)      Deny each and every demand, claim and prayer for relief contained in the Plaintiff's Complaint;

c)      Award to the Defendants reimbursement for the cost of defending this meritless, vexatious and frivolous claim, including attorneys' fees; and

d)      Grant such other and further relief as the Court deems just and proper.

Dated:   Garden City, New York

12

June 9, 2025

Yours, etc.,

David S. Feather, Esq.
FEATHER LAW FIRM, P.C.
*Attorneys for Defendants*
666 Old Country Road, Suite 509
Garden City, New York 11530
(516) 745-9000

TO:   Lina Stillman, Esq.
STILLMAN LEGAL, P.C.
*Attorneys for Plaintiff*
42 Broadway, 12th Floor
New York, New York 10004
(212) 203-2417

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JUAN HERRERA,                                          Docket No. 25-cv-01580

                              Plaintiff,

             -against-                                 **AFFIRMATION OF SERVICE**

T AND V PIZZA CORP (DBA ANGELA'S
PIZZERIA) and VINCENT (VINNY) DIMAIO,
Individually,

                              Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK )
                              ) ss.:
COUNTY OF NASSAU  )

David S. Feather, being duly sworn, deposes and says:

I am not a party to the foregoing action, am over the age of 18 years, with a business
address of 666 Old Country Road, Suite 509 in Garden City, New York.  On June 9 2025,
I served the within document:

**ANSWER**

By email and via ECF addressed to the following person or persons at the addresses set
forth below.

Lina Stillman, Esq.
STILLMAN LEGAL, P.C.
42 Broadway, 12th Floor
New York, New York 10004


DAVID S. FEATHER

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No. 25-cv-01580

JUAN HERRERA,

Plaintiff,

-against-

T AND V PIZZA CORP (DBA ANGELA'S
PIZZERIA) and VINCENT (VINNY) DIMAIO,
Individually,

Defendants.

## ANSWER

Feather Law Firm, P.C.
*Attorneys for Defendants*
666 Old Country Road, Suite 509
Garden City, New York 11530
(516) 745-9000
fax (516) 908-3930

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:  June 9, 2025

David S. Feather